940 F.2d 1538
 139 L.R.R.M. (BNA) 2296
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
HOBBS & OBERG MINING COMPANY, INC., International Chemical
Company and Eastoak Chemical Company, Respondents.
Oklahoma Coal Miners Union, Real Party in Interest.
 No. 90-9523.
 United States Court of Appeals, Tenth Circuit.
 Aug. 14, 1991.
 
 1
 Before McKAY and LOGAN, Circuit Judges, and WINDER, District Judge**.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAVID K. WINDER, District Judge.
 
 
 4
 This matter is before the court on the application of the National Labor Relations Board ("NLRB") for enforcement of its order issued against Hobbs & Oberg Mining Company ("H & O"), International Chemical Company ("ICC"), and Eastoak Chemical Company ("ECC") (collectively, "the Companies"). The NLRB issued an Order on January 31, 1991 requiring the Companies to cease and desist from unfair labor practices relating to interfering with, restraining, or coercing employees in the exercise of their statutory rights. The Order directs the Companies (1) to bargain with the coal miners' Union (on request of the Union); (2) to terminate the June 4, 1897, contract mining agreement involving work of the bargaining unit; (3) to offer all bargaining unit employees terminated on may 31, 1987, immediate and full reinstatement with full reimbursement for any loss of earnings; (4) to remove from employees' files any references to the employees' unlawful discharges; and (5) to post an appropriate notice.
 
 
 5
 On September 1, 1988 an administrative law judge ("ALJ") heard the case and issued an Order which was substantively the same as the modified Order of the NLRB. The Companies filed objections to this Order. The NLRB's general counsel filed a limited exception to the Order, objecting to the remedy of the ALJ.
 
 
 6
 The NLRB, by a three-member panel, affirmed the decision of the ALJ with a modification in the remedy as proposed by the general counsel. The NLRB found that H & O, ICC and ECC were joint employers and that the Companies violated sections of the National Labor Relations Act ("Act"), specifically, 29 U.S.C. Sec. 158(a)(3) and (1) and 29 U.S.C. Sec. 158(a)(5) and (1).
 
 
 7
 Since January 1985, H & O operated a coal mine in Porter, Oklahoma. H & O contracted to sell coal to ICC but in late 1986 was unable to supply the tonnage required under the contract. ICC placed its employee, Mr. Blevins, in charge of the mine. In May 1987, H & O closed the mine and terminated all employees. The mine reopened under the control of the Companies. The Companies lowered wages, eliminated benefits, and did not rehire employees involved in the coal miners' Union.
 
 
 8
 The conclusions of the ALJ were factual determinations based upon credibility findings. These were affirmed by the NLRB. This court will not reverse factual determinations unless they are not supported by substantial evidence in the record as a whole. Universal Camera Corp. v. NLRB, 340 U.S. 474, 487-88 (1951). The court concludes there is substantial evidence to support the findings of the ALJ and the NLRB. The court further agrees with the NLRB's finding that the Companies were joint employers within the meaning of Section 2(2) of the Act, 29 U.S.C. Sec. 152(2).
 
 
 9
 Thus, we are in accord with the NLRB's conclusions and affirm for substantially the reasons stated in the orders of the NLRB and the ALJ.
 
 
 
 *
 The Honorable David K. Winder, United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purpose of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3