953 F.2d 638
 139 L.R.R.M. (BNA) 2296
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PEPSI-COLA BOTTLING COMPANY, INCORPORATED, OF NORTON, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PEPSI-COLA BOTTLING COMPANY, INCORPORATED, OF NORTON, Respondent.
 Nos. 91-1044, 91-2504.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 1, 1991.
Decided Jan. 14, 1992.
 
 On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board.
 Argued: Mark M. Lawson, White, Elliot & Bundy, Bristol, Va., for appellant; William Allen Baudler, National Labor Relations Board, Washington, D.C., for appellee.
 On Brief: Kurt J. Pomrenke, Mark R. Graham, Steven R. Minor, White, Elliot & Bundy, Bristol, Va., for appellant; Jerry M. Hunter, General Counsel, D. Randall Frye, Acting Deputy General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Paul J. Spielberg, Deputy Assistant General Counsel, William R. Stuart, National Labor Relations Board, Washington, D.C., for appellee.
 NLRB
 ENFORCEMENT GRANTED.
 Before SPROUSE, Circuit Judge, JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation, and HENRY M. HERLONG, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Pepsi-Cola Bottling Company, Incorporated of Norton, Virginia ("Pepsi") petitions for review of a decision of the National Labor Relations Board (the "Board"). The Board submits a cross-application for enforcement of its order issued on February 28, 1991. Because there is substantial evidence in the record which supports the determination of the Board, this court denies the petition for review and grants the Board's application for enforcement of its order.
 
 
 2
 In its February 28, 1991 order, the Board found that Pepsi had interfered with its employees' legally protected labor rights in violation of 29 U.S.C. § 158(a)(1) and (3). Pepsi does not challenge the Board's finding that Pepsi violated the National Labor Relations Act by interfering with its employees' right to engage in protected union activities. A party's failure to contest the Board's findings as to unfair labor practices constitutes a waiver or abandonment of any right to challenge this portion of the order. NLRB v. Browning-Ferris Indus. of Pennsylvania, Inc., 691 F.2d 1117, 1125 (3d Cir.1982). The Board's uncontested findings are, therefore, entitled to summary affirmance, and those portions of the Board's order based thereon are entitled to summary enforcement.
 
 
 3
 Pepsi does challenge the Board's finding that Pepsi discharged Bobby Boyd, John Waddell, and Larry Blanken in violation of 29 U.S.C. § 158(a)(1) and (3) and discharged Sam Sanders and Ernest Delpgh in violation of 29 U.S.C. § 158(a)(1) and (4).
 
 
 4
 On appeal, the scope of review is limited. The Board's findings, if supported by substantial evidence, are conclusive. 29 U.S.C. § 160(e) (1988). The order must be enforced if its factual findings are supported by substantial evidence on the record, considered as a whole, and if its legal conclusions have a reasonable basis in the law. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951).
 
 
 5
 The record before this court contains substantial evidence supporting the findings of the Board. Although some of the testimony against Pepsi was contradicted, it is not for this court to judge the credibility of the witnesses. Deference to the Board's findings is especially appropriate where the record is "fraught with conflicting testimony and essential credibility determinations have been made." NLRB v. Nueva Eng'g., Inc., 761 F.2d 961, 965 (4th Cir.1985).
 
 
 6
 Pepsi points to McLean Trucking Co. v. NLRB, 719 F.2d 1226 (4th Cir.1983), for the standard to be used in cases in which the Board contends that the employer unlawfully discharged an employee, and the employer proves legitimate management concerns. McLean states that " 'the evidence must demonstrate why the good motive was not the sole reason for the discharge.' " Id. at 1227 (quoting NLRB v. Kiawah Island Co., 650 F.2d 485, 491 (4th Cir.1981). McLean, however, also recognized that once evidence has been presented that engagement in activity protected by the labor laws may have been a motive of the discharge, the employer has the burden of establishing that it would have discharged the employee even if he had not been engaged in such activities. McLean Trucking Co., 719 F.2d at 1228, n. 1. In the case before us, the record contains ample evidence that Pepsi had a strong anti-union sentiment and that Pepsi's good motives for terminating the employees were pretextual. In addition, Pepsi failed to establish that it would have fired the employees even if they had not been active in union activities.
 
 
 7
 For the reasons stated above, the petition for enforcement is granted.
 
 
 8
 ENFORCEMENT GRANTED.